☒ FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 2 8 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____Z DEPUTY

Hooshang Harooni, *In Pro Per*
259 North Kenter Avenue
Brentwood, California 90049-2717
Tel.: (310) 440-9162
Fax: (310) 440-9181

Defendants HOOSHANG HAROONI and
AV INN ASSOCIATES 1, LLC, a California limited liability company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BEST WESTERN INTERNATIONAL, INC., an Arizona non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>AV INN ASSOCIATES 1, LLC, a California limited liability company; HOOSHANG HAROONI,<br><br>Defendants. | Case No.: 2:08-CV-02274-PHX-MEA<br><br>ANSWER OF DEFENDANTS AV INN ASSOCIATES 1, LLC AND HOOSHANG HAROONI TO PLAINTIFF'S COMPLAINT |

COMES NOW, the Defendants identified as AV INN ASSOCIATES 1, LLC, a California limited liability company, ("AV Inn") and Hooshang Harooni appearing *in pro per,* (hereinafter collectively referred to as the "Defendants") answer as follows:

1. Defendants lack sufficient knowledge or information of the case to either admit or deny Plaintiff's allegation numbered 3.

2. Plaintiff's allegations numbered 2, 20, 21, 22, 24, 26, 27, 28, 31, 32, 33, 35, 36 and 37 are denied by Defendants.

3. Plaintiff's allegation numbered 1 is denied in part and admitted in part by Defendants in that it is an action for breach of contract and for collection of fees and that on or about December 1, 2004, AV Inn executed the Membership Agreement. It is otherwise denied.

///

4. Plaintiff's allegation numbered 6 is denied in part and admitted in part by Defendants in that venue in this judicial district and the exercise of personal jurisdiction over Defendants by this court are proper pursuant to 28 USC § 1332(a)(1) and (c), and because, among other reasons, Defendants have contractually agreed to litigate all disputes with Best Western arising from or related to the Membership Agreement in Arizona state or federal court. It is otherwise denied.

5. Plaintiff's allegation numbered 8 is denied in part and admitted in part by Defendants in that Best Western provides its members various services, including a worldwide reservation system and worldwide marketing campaigns as well as the option to participate in collective purchasing of hotel equipment, furnishings and supplies. It is otherwise denied.

6. Plaintiff's allegation numbered 11 is denied in part and admitted in part by Defendants in that the Membership Agreement and the rules and regulations establish the minimum standard scores that each member must meet in order to achieve and maintain membership. It is otherwise denied.

7. Plaintiff's allegation numbered 15 is denied in part and admitted in part by Defendants in that on or about December 1, 2004, Harooni became a Best Western voting member and as such consented to the jurisdiction of this court and to venue lying in this district became bound by the terms of the Membership Agreement. It is otherwise denied.

8. Plaintiff's allegation numbered 19 is denied in part and admitted in part by Defendants in that Best Western advised Defendants that they needed to discontinue use of the Best Western mark. It is otherwise denied.

9. Plaintiff's allegations numbered 4, 5, 7, 9, 10, 12, 13, 14, 16, 17, 18, 25 and 30 draw legal conclusions and state ambiguous facts that do not call for either an admission or denial, therefore they are not answered by Defendants.

///

///

///

## AFFIRMATIVE DEFENSES

10. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

11. Plaintiff is equitably estopped to assert claims against Defendants by reason of its wrongful conduct.

12. Even if Plaintiff herein has suffered any damages or injuries proximately caused all or in part by Defendants, Plaintiff and/or its principals and/or its agents have failed to avoid or mitigate the damages alleged in the Complaint, and in each and every alleged cause of action contained therein.

13. Plaintiff is estopped from asserting the allegations contained in the Complaint, and each and every alleged cause of action contained therein, by reason of the acts, omissions, representations, and courses of conduct of Plaintiff and/or its principals and/or its agents, upon which this Defendant relied to its prejudice and detriment.

14. Plaintiff is barred from asserting each and every purported cause of action in the Complaint and from otherwise asserting any rights against Defendants by reason of the unconscientious and inequitable acts, omissions, representations, and course of conduct of Plaintiff and/or its principals and/or its agents, which amounts to unclean hands.

15. Defendants reserve the right to amend or supplement the Answer to the Complaint on file herein at the conclusion of discovery or at any other time to reflect any additional affirmative defenses available, as revealed through discovery.

## REQUEST FOR RELIEF

On the foregoing basis, Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice, and that all costs of these proceedings be taxed to the Plaintiff.

Dated: January 27, 2009    /s/ Hooshang Harooni

HOOSANG HAROONI, *In Pro Per*

AV INN ASSOCIATES 1, LLC, a California

limited liability company, *In Pro Per*

By: /s/ Hooshang Harooni

HOOSHANG HAROONI, President and sole Member

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5959 Topanga Canyon Boulevard, Suite 305, Woodland Hills, California 91367-3648.

On January 27, 2009, I served the foregoing document described as:
**ANSWER OF DEFENDANTS AV INN ASSOCIATES 1, LLC AND HOOSHANG HAROONI TO PLAINTIFF'S COMPLAINT**
on the interested parties in this action by placing true and correct copies thereof enclosed in sealed envelopes, addressed as follows:

Arthur W. Pederson, Esq.
David W. Garbarino, Esq.
Mohr Hackett Pederson Blakley & Randolph PC
2800 North Central Avenue, Suite 1100
Phonix, AZ  85004-1043
Tel.: (602) 240-3000
Fax : (602) 240-6500

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 27, 2009, at Woodland Hills, California.

_____
Hooshang Harooni