LAW OFFICES
**SHERMAN & HOWARD L.L.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004-1043
TELEPHONE (602) 240-3000
FACSIMILE (602) 240-6600
(AZ BAR FIRM NO. 00441000)
Arthur W. Pederson (AZ Bar No. 002821)
(apederson@shermanhoward.com)
David W. Garbarino (AZ Bar No. 022452)
(dgarbarino@shermanhoward.com)
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BEST WESTERN INTERNATIONAL, INC., an Arizona non-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> AV INN ASSOCIATES 1, LLC., a California limited liability company; HOOSHANG HAROONI, <br><br> Defendants. | No. CIV08-02274-PHX-DGC <br><br> **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM** |

Plaintiff Best Western International, Inc., an Arizona non-profit corporation ("Best Western"), hereby answers the allegations of the counterclaim filed by defendants AV Inn Associates 1, LLC, a California Limited liability company ("AIA"), and Hooshang Harooni ("Harooni") (AIA and Harooni collectively, "Defendants"), and alleges as follows:

### CAUSES OF ACTION

### (BREACH OF CONTRACT, BREACH OF IMPLIED CONTRACT, BREACH OF IMPLIED COVENANT GOOD FAITH AND FAIR DEALING)

1. Best Western admits that Exhibit A to Defendants' counterclaim is a true and correct copy of the Best Western Membership Application and Agreement entered into by Defendants and Best Western (the "Agreement") with the exception that Exhibit A is missing pages 7 and 9. The Agreement speaks for itself. Best Western is without sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 1 of Defendants' Counterclaim.

474109.1 \ xxvt01 \ 18224-013

2.  Best Western is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 2 of Defendants' Counterclaim.

3.  Best Western denies the allegations contained in paragraphs 3 through 6 of Defendants' Counterclaim.

4.  Best Western is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 7 of Defendants' Counterclaim.

5.  Best Western is without sufficient information or knowledge to either admit or deny at this time that the Best Western membership associated with the property at issue, the hotel formerly known as the Best Western Antelope Valley Inn, located in Lancaster, California and referenced in Best Western's records as property T-05050 (the "Hotel"), had never been cancelled before Defendants ownership of the Hotel. Best Western denies the remaining allegations contained in paragraph 8 of Defendants' Complaint.

6.  Best Western asserts that the Agreement, Best Western's Bylaws and Articles, and Rules and Regulations speak for themselves with respect to the requirements for an automatic transfer, but admits that if a property meets certain requirements, it is possible to transfer a Best Western membership from a current member to a new member upon the sale of the subject property. Best Western admits that certain physical conditions of the Hotel were assessed on August 25, 2004, May 26, 2005, October 12, 2005, June 1, 2006, November 10, 2006, May 17, 2007, October 25, 2007, and on January 31, 2008, resulting in scores of 802, 722, 806, 855, 892, 841, 750, and 681, respectively. Best Western admits that it terminated Defendants' membership in accordance with the Agreement, Best Western's Bylaws and Articles, and Rules and Regulations. Best Western is without sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 9 of the Defendants' Counterclaim that the Hotel was put up for sale in late 2007 or that a broker listed the sale for an automatic transfer.

7.  Best Western denies the allegations contained in paragraphs 10 through 14 of Defendants' Counterclaim.

…

**AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM**

8. Best Western alleges that the Defendants' counterclaims fail to state a claim for relief upon which relief may be granted, in whole or in part, against Best Western.

9. Best Western affirmatively alleges that Best Western had no legal duty to Defendants regarding disclosures pertaining to the condition of the Hotel.

10. Best Western affirmatively alleges that Defendants' recovery for damages, if any, is expressly limited by the Agreement.

11. Defendants breached the Agreement, Bylaws and Articles, and/or Rules and Regulations before any alleged breach by Best Western.

12. Defendants failed to adhere to the standards set forth in the Rules and Regulations governing cleanliness and service quality standards applicable to all Best Western Members.

13. Defendants breached the covenant of good faith and fair dealing before any alleged breach thereof by Best Western. Defendants have failed to mitigate their damages and/or the damages alleged were the result of avoidable consequences.

14. Best Western affirmatively alleges that Defendants have failed to perform various conditions precedent to any alleged legal duty to, or on the part of, Best Western.

15. Best Western alleges that further discovery may result in Best Western's right to plead additional affirmative defenses including, but not limited to, the following: contributory negligence, comparative negligence, intervening/superseding causes, contribution, assumption of risk, statute of limitations, privilege and/or immunity, abatement under Rule 6(f), accord and satisfaction, duress, estoppel, failure of consideration, fraud, illegality, laches, license, unclean hands, release, *res judicata*, statute of frauds, waiver, and failure to mitigate damages, economic loss, acceptance of goods pursuant to the Uniform Commercial Code, unforeseeable and uncontrollable acts of God or other forces of nature, and assumption of risk. Best Western reserves

the right to assert such affirmative defenses.

16.   Best Western alleges that it is entitled to an award against Defendants for Best Western's attorneys' fees, costs, and expenses incurred in prosecuting this litigation pursuant to A.R.S. §§ 12-341.01, 12-341, and the Agreement.

**WHEREFORE,** Best Western International, Inc., an Arizona non-profit corporation ("Best Western"), requests that the Court enter judgment against defendants AV Inn Associates 1, LLC, a California Limited liability company ("AIA"), and Hooshang Harooni ("Harooni") (AIA and Harooni collectively, "Defendants") in favor Best Western as follows:

A.   Dismissing each of Defendants' counterclaims with prejudice;

B.   Awarding Best Western attorneys' fees and costs as permitted by the Agreement and/or A.R.S. §§ 12-341.01 and 12-341; and

C.   Granting such other and further relief as the Court deems appropriate.

**DATED** this 29th day of May 2009.

SHERMAN & HOWARD L.L.C.

By /s/ David W. Garbarino
 Arthur W. Pederson
 David W. Garbarino
 2800 North Central Avenue, Suite 1100
 Phoenix, AZ 85004-1043
 Attorneys for Plaintiff

474109.1 \ xxvt01 \ 18224-013                    4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2009, the foregoing was electronically transmitted to the Clerk's Office of the U.S. District Court for the District of Arizona using the CM/ECF System for filing and sent to the following individual via email and U.S. Mail:

Hooshang Harooni<br>
259 North Kenter Avenue<br>
Brentwood, CA 90049-2717<br>
Harryharooni@yahoo.com

/s/ David W. Garbarino