**LAW OFFICES**
**SHERMAN & HOWARD L.L.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004-1043
TELEPHONE (602) 240-3000
FACSIMILE (602) 240-6600
(AZ BAR FIRM NO. 00441000)
Arthur W. Pederson (AZ Bar No. 002821)
(apederson@shermanhoward.com)
David W. Garbarino (AZ Bar No. 022452)
(dgarbarino@shermanhoward.com)
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BEST WESTERN INTERNATIONAL, INC., an Arizona non-profit corporation, | No. CIV08-02274-PHX-DGC |
| Plaintiff/Counterdefendant, | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS** |
| v. | |
| AV INN ASSOCIATES 1, LLC, a California limited liability company, | |
| Defendant, | |
| and HOOSHANG HAROONI, | |
| Defendant/Counterclaimant. | |

Plaintiff Best Western International, Inc. ("Best Western"), submits this Reply in Support of Plaintiff's Motion for Summary Judgment Against Defendants AV Inn Associates 1, LLC ("AV Inn Associates"), and Hooshang Harooni ("Harooni") (AV Inn Associates and Harooni collectively, "Defendants"). The following memorandum of points and authorities supports this reply.

### *MEMORANDUM OF POINTS AND AUTHORITIES*

Plaintiff's Motion for Summary Judgment Against Defendants ("Plaintiff's Motion") seeks summary judgment that (i) Defendants are jointly and severally liable to Best Western for unpaid dues and assessments in the amount of $75,219.59 together with interest at 1.5% per month from December 1, 2008 until paid in full pursuant to the

PHOENIX \ 707268.1 \ 015091.009

Membership Agreement,[1] and (ii) in favor of Best Western on Harooni's counterclaim on five separate and independent grounds. (Dkt. #57 at 1-2, 6-22.) Defendants' Memorandum of Points and Authorities in Support of Opposition to Best Western's Motion for Summary Judgment ("Defendants' Response") (Dkt. #69) and Defendant/Counterclaimants' Controverting and Opposing Statement of Facts in Opposition to Best Western's Motion for Summary Judgment ("DCSOF") (Dkt. #70) do not establish a genuine issue of material fact. Accordingly, the Court should grant Best Western summary judgment in whole or in part.

## BACKGROUND

Best Western incorporates by reference, as though fully set forth herein, the background set forth in Plaintiff's Motion (Dkt. #57), Plaintiff's Statement of Facts in Support of Motion for Summary Judgment ("PSOF") (Dkt. #58), and Plaintiff's Reply to Defendants/Counterclaimants' Controverting and Opposing Separate Statement of Facts in Opposition to Plaintiff's Motion ("Plaintiff's Reply in Support of PSOF") filed herewith. Facts pertinent to this Reply are set forth as such facts become relevant.

## DISCUSSION

Plaintiff's Motion demonstrated that summary judgment in favor of Best Western is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden shifted to Defendants to demonstrate a genuine issue of material fact preventing summary judgment. *See Covell v. Arpaio*, 662 F. Supp. 2d 1146, 1151 (D. Ariz. 2009). "Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment." *Id*. at 1152 (citations omitted). Defendants failed to meet their burden to defeat Plaintiff's Motion.

As an initial matter, DCSOF (Dkt. #70 at 21-66) is riddled with errors, false statements, baseless objections, unsupported facts, and inaccurate citations to the record. ***Most importantly, however, Defendants offer no evidence that Best Western acted in bad faith with respect to the inspections or decision to cancel Defendants'***

---

[1] This reply uses same terms defined and used in Plaintiff's Motion.

*membership*. (*See generally id*.; Pl's. Reply in Support of PSOF at 17 ¶ 10; 18 ¶¶ 12, 13; 19 ¶¶ 14-15; 20 ¶ 16; 30 ¶¶ 75-79; 31 ¶ 82  (filed herewith)).

**A.    Harooni is not entitled to recover losses incurred by AV Inn Operations Group, Inc. ("AV Inn Operations")**

Harooni did not refer to AV Inn Operations in his pleadings, but seeks to recover damages allegedly suffered by AV Inn Operations, "a closely held subchapter S Corporation."  (Dkt. #69 at 3.)  Defendants admit that the only parties to the Membership Agreement are Best Western, Harooni, and AV Inn Associates, and cannot dispute that AV Inn Operations is not a party to the Membership Agreement.[2]  (Dkt. #70 at 21-22 ¶¶ 3, 6.)  Because Defendants fail to demonstrate why Harooni is legally entitled to recover alleged losses incurred by a non-party, separate and independent entity, the Court should grant Best Western summary judgment and hold that Harooni cannot recover for losses incurred by AV Inn Operations.

   *1.    AV Inn Operations' "S corporation" status is not relevant or material*

Subchapter S of the Internal Revenue Code and the S corporation status of a corporation do not affect the substance of the corporate entity, and do not affect the rights and obligations of third-parties dealing with that S corporation. *Ding v. Comm'r*, 200 F.3d 587, 589 (9th Cir. 1999) (stating that S corporations "retain their corporate character and do not assume any of the characteristics of a partnership" in accord with Congressional intent, (citation omitted)); *Byrne v. Comm'r*, 361 F.2d 939, 942 (7th Cir. 1966) (stating that "the existence and status of the corporation for any substantive purpose" should not be disregarded with respect to an S corporation).  "Congress created S corporations to give small businesses the benefits of the corporate form, such as limited liability for shareholders, without the disadvantages of corporate taxation,"

---

[2]  Citing Defendants' Motion for Summary Judgment Exhibit 15, Defendants claim that AV Inn Operations is a third-party beneficiary of the Membership Agreement.  Review of that exhibit (Dkt. #59-15 at 10-14) reveals no evidence that AV Inn Operations was a third-party beneficiary of the Membership Agreement.  The exhibit only reveals that Harooni told Best Western that the correct party to the Membership Agreement was AV Inn Associates, not AV Inn Operations. (*See* Dkt. #59-15 at 12.)

1. and the principal distinctions between an S corporation and a C corporation are the tax treatment and limitations on number of shareholders. *Durando v. United States*, 70 F.3d 548, 551 & n.7 (9th Cir. 1995). With respect to an S corporation, the "corporation and its shareholders are separate entities." *Id*. n.9; *In re Brown*, 250 B.R. 382, 385 (Bankr. D. Idaho 2000) (An S corporation is treated differently for federal taxation purposes, but not for any other purposes). Defendants cite no legal authority to demonstrate that AV Inn Operations' S corporation status (i) changed the relationships between AV Inn Operations and third-parties, or (ii) conveyed special rights to Harooni allowing him to pursue losses incurred by AV Inn Operations. Defendants' citation to the ***factual background*** of *United States v. Bishop*, 291 F.3d 1100, 1105 (9th Cir. 2002), does not support Defendants' arguments.

The allegations that Harooni invested his own money in the Hotel are not relevant or material in light of (i) the corporate form Harooni chose to shield himself from liability from third-parties, (ii) the parties to the Membership Agreement, i.e., Best Western, Harooni, and AV Inn Associates, and/or (iii) the parties to Harooni's counterclaim, i.e., Best Western and Harooni. Because the S corporation election affected ***only*** the tax treatment of AV Inn Operations, ***not*** the non-tax related legal relationships between AV Inn Operations, Harooni, and/or third-parties, the S corporation status of AV Inn Operations is not legally relevant or material to Plaintiff's Motion, and should be disregarded in analysis of Plaintiff's Motion.

   2.   *Harooni offers no relevant evidence of his personal damages*

Harooni's purported evidence of damages refers solely to the cost of renovations to the Hotel (*see* Dkt. #69 at 5-6.), but such evidence is not legally relevant or material, and/or not properly supported.[3] The amounts that Harooni spent on the Hotel and/or the renovations thereto have no relationship to the measure of damages for a contract claim. *See* Restatement (Second) of Contracts § 347 cmt. a. (1981) ("Contract damages are

---

[3]   Several record citations on page 5 of Defendants' Response are incorrect and do not support the proposition asserted by Defendants, i.e., citations to "SSCF § 1, ¶¶ 17, 19."

ordinarily based on the injured party's expectation interest and are intended to give him the benefit of his bargain by awarding him a sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been performed."); *see also AROK Constr. Co. v. Indian Constr. Servs.*, 174 Ariz. 291, 298, 848 P.2d 870, 877 (App. 1993) (applying Restatement (Second) of Contracts § 347).

Assuming, for purposes of argument only, that Best Western breached the Membership Agreement when it cancelled Defendants' membership, which it did not, and ignoring the limitation of damages clause of the Membership Agreement, the measure of damages would the difference in the value of the Hotel on the date of cancellation with and without the Best Western membership, lost profits due to the cancellation, or cost to rebrand the Hotel to a similar brand, less any damages that could have been avoided. *See* Restatement (Second) of Contracts §§ 347, 350(1) (mitigation of damages). Harooni offers no such evidence, but incorrectly asserts that the measure of damages is the unsupported cost of renovations. Harooni does not raise a genuine issue of material fact, and summary judgment in favor of Best Western is proper.

**B.     Harooni has no right to assert a counterclaim individually to recover alleged damages to AV Inn Associates or AV Inn Operations**

Harooni seeks to personally recover alleged losses that were incurred by AV Inn Associates and/or AV Inn Operations. *Denevi v. LGCC, LLC*, 18 Cal. Rptr. 3d 276 (App. 2004), extensively relied upon by Harooni, is instructive, but does not support Harooni's arguments. *Denevi* teaches that "a claim for [the corporation's] loss can only be asserted by or on behalf of [the corporation]," i.e., directly by the corporate entity or derivatively. *Id*. at 285. "The claims are derivative where the injury alleged is one inflicted on the corporate entity or on the 'whole body of its stock'." *Id*. at 284. On the other hand, "[a] personal claim . . . asserts a right against the corporation which the shareholder possesses as an individual apart from the corporate entity . . . ." *Id*. Arizona law mirrors *Denevi*. *Schroeder v. Hudgins*, 142 Ariz. 395, 398, 690 P.2d 114, 117 (App. 1984) (noting that "even where all of the stock in a corporation is owned by a

sole shareholder, he may not maintain an action individually for wrongs against the corporation," and that a personal right of action exists only if that right is "independent of those which the shareholder derives through his interest in the corporate assets and business," (citations omitted)); *accord Funk v. Spalding*, 74 Ariz. 219, 246 P.2d 184 (1952). Regardless of whether Harooni's counterclaim sounds in contract or tort,[4] or that Harooni is a party to the Membership Agreement,[5] **_Harooni has no claim because the only damages he seeks to recover are for injury allegedly suffered by AV Inn Associates and/or AV Inn Operations_**, neither of which have a claim against Best Western (AV Inn Associates did not properly assert a counterclaim, and AV Inn Operations is not a party to the Membership Agreement or the litigation). Accordingly, summary judgment in favor of Best Western on Harooni's counterclaim is proper.

The Court cannot find an assignment of claims from AV Inn Associates or AV Inn Operations to Harooni took place as Defendants offer no evidence of an assignment.

Defendants cite no legal authority stating that Harooni may sue in his own name to recover damages to AV Inn Operations.[6] Defendants cite Cal. Corp. Code § 2100–2117.1 for the proposition that Harooni should be treated as a real party in interest, but such sections are (i) applicable only to foreign corporations, i.e., non-California corporations, *see id*. §§ 167, 171, 2100, and (ii) do not mention treating a shareholder as a real party in interest, *see id*. §§ 2100–2117.1. Defendants cite Cal. Corp. Code § 2001, but omit the following critical language:

> The powers and duties of the directors (or other persons appointed by the court pursuant to Section 1805) and officers after commencement of a dissolution proceeding include, but are not limited to, the following acts **_in the name and on behalf of the corporation_**:

---

[4] Harooni has only pled contract causes of action against Best Western. (*See* Dkt. # 23.) Harooni suggests that he has pled fraud, but the Counterclaim reveals that Harooni has not pled all the elements of fraud, let along pled all the elements of fraud with particularity. (*See id*.)
[5] Harooni is simply the "voting member" under the Membership Agreement, and is jointly and severally liable for all obligations arising under the Membership Agreement.
[6] Harooni's reliance upon *Avlon v. 829-31 Restaurant Corp.*, 1993 U.S. Dist. LEXIS 14043 (D.N.Y. 1993), violates 9th Cir. R. 36-3.

. . . .

(e) To sue, *<u>in the name of the corporation</u>*, for all sums due or owing to the corporation or to recover any of its property.

(Emphasis added).  Section 2001 does not state that a shareholder may sue in his or her name on behalf of the corporation.  Defendants do not cite the statutory provision stating that "[a] corporation which is dissolved nevertheless continues to exist for the purpose of . . . prosecuting and defending actions by or against it . . . ."  *Id*. § 2010(A).  Any assets AV Inn Operations may have, including claims against Best Western, could not have been legally distributed until "[a]fter determining that all the known debts and liabilities of a corporation in the process of winding up have been paid or adequately provided for . . . ."  *Id*. § 2004.  Harooni makes no such showing.  Harooni does not cite the relevant statutes applicable to the dissolution of a limited liability company ("LLC"), e.g.*, id*. § 17354(a) ("A [LLC] that is dissolved nevertheless continues to exist for the purpose of . . . prosecuting and defending actions by or against it in order to collect and discharge obligations . . . ."), (b) ("No action or proceeding to which a [LLC] is a party abates by the dissolution of the [LLC] or by reason of proceedings for the winding up and dissolution thereof.").  California and Arizona also require a shareholder or LLC members seeking to recover derivatively to satisfy specific conditions and pleading requirements which Harooni has failed to do.  *See id*. §§ 800, 17501; A.R.S. §§ 10-740–10-747, 29-831-29-833.  Harooni cannot legally seek to recover for injuries allegedly incurred by AV Inn Associates or AV Inn Operations when neither have properly asserted and/or pled claims against Best Western.

**C.     The Membership Agreement was not terminated**

Best Western has not argued that the transfer of the Hotel to AV Inn Operations terminated the Membership Agreement, but asserts that the rights and obligations under the Governing Documents did not transfer to AV Inn Operations.  (*See* Dkt. #57 at 10 n.4.)  If Defendants had followed the procedures set forth in Bylaws Art. II, § 7(B),

which they did not (PSOF ¶ 30 (Dkt. #58 ¶ 30)), rights under the Governing Documents would have transferred to AV Inn Operations.  However, because Defendants did not comply with Art. II, § 7(B), and did not properly "transfer" the Membership Agreement, AV Inn Operations has no contract claims against Best Western.

The Court should not permit Harooni to amend his counterclaim, and/or add or substitute parties.  The Court has previously found that (i) despite Best Western's Motion for Clarification, Defendants' filed no response; (ii) the deadline for amending pleadings and adding parties long since passed, and (iii) despite retaining counsel, no further effort to assert a counterclaim was made.  (*See* Dkt. #45.) This Court ruled that the only pending counterclaim was that of Harooni.  (*see id*.)  Even after the Court ruled, Defendants did not request leave to amend or to substitute parties.

**D.    Harooni and AV Inn Associates are not a single entity**

Referring to the tax treatment of an LLC, Harooni claims that AV Inn Associates' LLC status requires the Court to treat AV Inn Associates and Harooni as one entity.  Defendants cite no legal authority to demonstrate that AV Inn Associates' LLC status (i) changed the relationships between AV Inn Associates and third-parties, or (ii) conveyed special rights to permit Harooni to pursue losses incurred by AV Inn Associates.  Members of limited liability companies generally cannot be held liable "under any judgment of a court, or in any other manner, for any debt, obligation, or liability of the limited liability company," and only the limited liability company may "[s]ue, be sued, complain and defend any action, arbitration, or proceeding, whether judicial, administrative, or otherwise, in its own name." Cal. Corp. Code §§ 17003, 17101(a); A.R.S. §§ 29-610(A)(1), 29-651.  A member seeking to recover derivatively must meet specific pleading requirements and satisfy specific conditions which Harooni has failed to do. (*See supra* at 7.)  Harooni and AV Inn Associates are not a single entity, and Harooni is not entitled to sue derivatively on behalf of AV Inn Associates.

**E.    Best Western did not materially breach the membership agreement**

Defendants offer no evidence that cancellation of Defendants' membership was

improper. (*See generally* DCSOF (Dkt. #70); Pl's. Reply in Support of PSOF at 17 ¶ 10; 18 ¶¶ 12, 13; 19 ¶¶ 14-15; 20 ¶ 16; 30 ¶¶ 75-79; 31 ¶ 82  (filed herewith)). Defendants offer no evidence that disputes the physical conditions leading to the point deductions, other than Harooni's disagreement.  (*See* Dkt. #70 at 57-60 ¶¶ 73-80.) Defendants offer no evidence that Best Western's inspectors acted in bad faith. (*See id*.) Defendants offer no evidence that the Board acted in bad faith. (*See id*. at 60-61 ¶ 81.) Defendants ignore the distinction between Bylaws Art. II, § 7(A)(7) and § 8.  Bylaws Art. II, § 8 establishes the procedure applicable to this case for cancellation of a membership by Board action. (*See* PSOF Ex. B (Dkt. #58-1 at 36-38; #64 (Notice of Errata); #68 at 7 ¶11, ¶ 12, 15 ¶ 23, 42 ¶ 67, 44 ¶¶ 11-20).)  The Governing Documents do not mandate the grant of a conditional extension to any member that fails to adhere to Best Western's quality standards. (*See* PSOF Ex. B (Dkt. #58-1 at 36-38; #64; #68 at 7 ¶11, ¶ 12, 15 ¶ 23, 42 ¶ 67, 44 ¶¶ 11-20).) Accordingly, the Court should grant Best Western summary judgment that the cancellation of Defendants' membership did not violate the Governing Documents or any duty/obligation implied therein. *Best W. Int'l, Inc. v. Sharda, LLC*, CV-08-1219-PHX-DGC Dkt. #34 at 5, 2008 U.S. Dist. LEXIS 66536 (D. Ariz. Aug. 20, 2008) ("The fact that Defendants strongly disagree with [Best Western]'s decision does not constitute evidence that Best Western acted in bad faith.").

Defendants offer no evidence that any malfunction of the reservation system was a material breach of the Governing Documents. (*See* Dkt. #70 at 51-62 ¶¶ 82-87.)  The undisputed evidence demonstrates that any malfunction was the Hotel's error (*see* Dkt. #70 at 3 ¶ 2 (testimony of Best Western Regional Services Manager stating that "[m]y experience has been, in fact I think the cause has been 100 percent operator error on the hotel's side"), and that Best Western quickly helped Defendants resolve the problem. (*See* PSOF at ¶¶ 86, 88 (Dkt. #58 at 36-39); Dkt. #70 ¶¶ 82-87.)  Defendants have not demonstrated that Best Western breached any duty or obligation it had with respect to the reservation system.  Accordingly, the Court should grant Best Western summary judgment that Best Western satisfied its duties under the Governing Documents or any

1  duty/obligation implied therein with respect to the reservation system.

2  Defendants offer no evidence that Best Western had a duty to inform Harooni of
3  deadlines to renew corporate accounts through a request for proposal ("RFP") process.
4  (*See* Dkt. #70 at 62-64 ¶¶ 88-90).  Accordingly, the Court should grant Best Western
5  summary judgment that Best Western satisfied its duties under the Governing
6  Documents or any duty/obligation implied therein with respect to the RFP process.

7  **F.  Integration Clause, indefiniteness, and lack of consideration**

8  Defendants Response regarding the issues pertaining to the integration clause,
9  indefiniteness, and lack of consideration are hardly sufficient to withstand a motion for
10 summary judgment and do not raise a single genuine issue of material fact.
11 Accordingly, Best Western is entitled to summary judgment that the integration clause,
12 indefiniteness of alleged oral agreements/promises, and/or lack of consideration are
13 fatal to Harooni's claims to recover pursuant to such alleged oral agreements/promises.

14 **G.  The reasonable expectations doctrine and equitable estoppel do not apply**

15 Under Defendants' theory, each provision of the Governing Documents would be
16 unenforceable.  With respect to insurance policies, *Darner Motor Sales v. Universal*
17 *Underwriters Ins. Co.*, 140 Ariz. 383, 682 P.2d 388 (1984), recognized "equitable
18 estoppel as a device to prevent enforcement of those boiler-plate terms of the insurance
19 contract which are more limited than the coverage expressly agreed upon by the
20 parties."  In this case, Defendants claim to have spent millions of dollars with respect to
21 the Hotel, but seek refuge behind principles of law intended to protect insureds from
22 boiler-plate terms of insurance polices.  As discussed in Plaintiff's Response to
23 Defendants' Motion for Summary Judgment (Dkt. #67 at 9-11), Defendants cannot and
24 do not demonstrate any link between allegations of promises and the cancellation of
25 Defendants' membership.  Such arguments should be disregarded.

26 **H.  Testimony of Elias Aziz-Lavi ("Lavi") should be precluded**

27 Lavi should be precluded from testifying.  First, Harooni does not validly contest
28 that Lavi only reported on the losses allegedly incurred by AV Inn Operations.  (*See*

PHOENIX \ 707268.1 \ 015091.009           10

1  Dkt. #70 at 42-46.)  AV Inn Operations is not a party to the Membership Agreement or
2  this litigation.  The S-corporation status of AV Inn Operations is not relevant or material
3  as only AV Inn Operations could assert claims for losses it allegedly incurred, which it
4  has not.    (*See supra* at 3-4.)  The scope of Lavi's testimony is not legally relevant and
5  should be precluded.  Second, with respect to the adequacy of the Lavi's disclosures,
6  this Court made clear that "[t]he expert reports produced by the parties shall be full and
7  complete expert reports in compliance with Rule 26."  (Dkt. #35.)  Defendants
8  admittedly failed to do so.  (Dkt. #70 at 46-48.)  Lavi should therefore be precluded
9  from testifying.  Third, Lavi should be precluded from testifying regarding the value of
10 the Hotel as Lavi testified that he had no specific qualifications to testify regarding the
11 value of real property.  (*See id*. at 51-53.)  Without Lavi, Harooni can offer no evidence
12 of damages, an essential element of his claim, and Best Western's motion for summary
13 judgment with respect to Harooni's counterclaim should be granted.

## I. Declaration of Scott Evans

The Court should disregard the declaration of Evans.  Harooni disclosed Evans as a witness on the closing date of discovery, January 8, 2010 as a witness "expected to testify regarding the formation of the business entities involved in the ownership and operation of Mr. Harooni's hotel."  (*See* Pl's Reply in Support of PSOF at 5-6 ¶ 5(a).) Harooni never disclosed that Evans would testify regarding damages, or as an expert witness.  (*Id*.)  Yet, in his declaration, Evans claims to interpret tax returns, calculate losses, and evaluate the expert opinions of Lavi.  (*Id*.)  Evans' declaration is well beyond Harooni's disclosures.  (*Id*.)  Defendants failed to timely or properly disclose Evans as an expert witnesses.  (*Id*.)  Consideration of Evans' declaration, and/or allowing Evans to testify at trial would be improper and prejudicial to Best Western. Accordingly, the Court should disregard the declaration of Evans.

## CONCLUSION

Based upon the foregoing, and Plaintiff's Motion, Best Western requests the Court to grant it summary judgment in whole or in part.

1   **DATED** this 17th day of May 2010.

2                                       SHERMAN & HOWARD L.L.C.

3
                                        By /s/ David W. Garbarino
4                                          Arthur W. Pederson
                                           David W. Garbarino
5                                          2800 North Central Avenue, Suite 1100
                                           Phoenix, AZ 85004-1043
6                                          Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2010, the foregoing was electronically transmitted to the Clerk's Office of the U.S. District Court for the District of Arizona using the CM/ECF System for filing and service upon the following individual via email:

Kira A. Schlesinger
The Schlesinger Conrad Law firm
11811 N. Tatum Blvd., Ste. 3037
Phoenix, AZ 85028
kira@schlesingerconrad.com

/s/ David W. Garbarino