**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation, | No. CV-08-2274-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| AV Inn Associates 1, LLC, a California limited liability company; Hooshang Harooni, | |
| Defendants. | |

Defendants AV Inn Associates 1, LLC and Hooshang Harooni have filed a motion for reconsideration of the Court's order denying their motion for summary judgment and granting Plaintiff Best Western International, Inc.'s motion for summary judgment (Doc. 85). They seek relief under Federal Rules of Civil Procedure 59 and 60.

Requests for relief pursuant to Rule 60 are only granted "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (stating that party must show "extraordinary circumstances" to obtain relief under Rule 60(b)(6)). Defendants argue that the Court should grant relief because "counsel only had the relevant file" in this case "for a short time," and that it came from previous counsel's offices "in disarray without complete

pleadings, indices or other apparent organization" (Doc. 87 at 3-4). Defense counsel knew the litigation schedule when she substituted into the case in late February, and knew that the Court had denied the parties' request for an extension of the litigation schedule (Doc. 39). The Court nonetheless thereafter granted Defendants' request for additional time to file motions for summary judgment (Doc. 53) and the parties' request for additional time to respond to such motions (Doc. 65). Given the extensions of time granted for briefing summary judgment, Defendants' post-ruling claim that counsel was not sufficiently prepared to address summary judgment does not satisfy the "extraordinary circumstances" requirement under Rule 60.

As to the request pursuant to Rule 59, motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at \*1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, CV 05-4177-PHX-MHM, 2008 WL 1776502,\*2 (D. Ariz. Apr. 15, 2008). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*,

1 *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

2 Defendants make the following arguments: (1) the Court did not consider the 3 Declaration of Scott Evans, Mr. Harooni's accountant, whose declaration was "sufficient to 4 support" Mr. Harooni's claim for damages; (2) the Court erred in its interpretation of A.R.S. 5 § 10-3621 and the membership agreement, both of which required a "fair" hearing, (3) the 6 membership agreement clearly prohibited subjective inspections and Best Western breached 7 its agreement by failing to employ fair inspections, (4) the evidence clearly shows that Mr. 8 Harooni only entered the contract on the basis of Best Western's assurances, (5) the Court 9 should have applied California law to the membership agreement, and (6) the Court erred in 10 not permitting oral argument and in failing to consider arguments made for the first time in 11 Defendants' reply brief (Doc. 87).

12 As to the first argument, Defendants have not shown that they adequately "presented 13 to the Court at the time of its initial decision" the Declaration of Scott Evans, or their 14 argument that Evans's lay testimony is sufficient to support an award of damages.  Best 15 Western's motion for summary judgment argued that Mr. Harooni's only evidence on 16 damages pertained solely to the corporations, not to Mr. Harooni individually (Doc. 57 at 17 10).  In response, Defendants argued that Mr. Harooni could show damages because any 18 losses suffered by a subchapter S corporation are passed through to the shareholders pursuant 19 to tax law, and because Best Western's own expert noted that there is no delineation between 20 Mr. Harooni and the Defendant corporations (Doc. 69 at 3-5).  In their response, Defendants 21 did not argue that the Declaration of Mr. Evans was sufficient to support an award of 22 damages, despite the fact that Best Western clearly asserted that Mr. Harooni could not 23 present any evidence sufficient to support an award of damages.  Defendants' effort to raise 24 this argument in a motion for reconsideration is not proper.  *See Ross*, 2008 WL 1776502, 25 at *2 (motion for reconsideration should not be used to make new arguments).

26 With respect to their second through fifth arguments, Defendants have not shown any 27 of the factors which will justify reconsideration.  *See Motorola, Inc*, 215 F.R.D. at 586.

28 Defendants' argument that the Court erred by denying oral argument is not correct.

1  The parties were afforded a full opportunity to brief the summary judgment motions. *See*
2  *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th
3  Cir. 1991) (denial of oral argument is not prejudicial where the parties have "an adequate
4  opportunity to apprise the trial court with evidence and a memorandum of law"); *Partridge v.*
5  *Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("a district court can decide [motions] without oral
6  argument if the parties can submit their papers to the court"); *Mahon v. Credit Bur. of Placer*
7  *County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (district court did not abuse its discretion
8  in denying oral argument where the parties provided the court with "complete memoranda
9  of law and evidence in support of their respective positions"); *see also* Fed. R. Civ. P. 78
10 (district courts may decide motions without oral argument).

11  Nor did the Court err by failing to consider arguments raised for the first time in reply
12 memoranda. Both district courts and the Ninth Circuit have regularly held that arguments
13 made for the first time in a reply brief should not be considered. *See, e.g., Delgadillo v.*
14 *Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008); *Taser Intern., Inc. v. Stinger Systems, Inc.*,
15 — F. Supp. 2d —, —, 2010 WL 1337735, *8 (D. Ariz. Mar. 31, 2010); *In re Fort Defiance*
16 *Housing Corp.*, 2009 WL 4348802, *2 n.1 (D. Ariz. Nov. 25, 2009); *Marlyn Nutraceuticals,*
17 *Inc. v. Improvita Health Products*, 663 F. Supp. 2d 841, 848 (D. Ariz. 2009).

18  **IT IS ORDERED** that Defendants' motion for reconsideration (Doc. 85) is **denied**.
19 DATED this 14th day of July, 2010.

_____
David G. Campbell
United States District Judge