**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., | Case No. CV08-2274-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| v. | |
| AV Inn Associates, LLC, | |
| Defendant, | |
| and Hooshong Harooni, | |
| Defendant/Counterclaimant. | |

Plaintiff Best Western International, Inc. ("Plaintiff" or "Best Western") filed a Motion for Award of Attorneys' Fees, Costs and Expenses (Doc. 95) on August 5, 2010, after judgment was entered on its behalf (Doc. 93). Defendants timely appealed. After receiving Defendants' Notice of Appeal (Doc. 97), this Court denied the motion without prejudice, allowing Plaintiff to refile within 30 days of the determination of the appeal. The judgment was affirmed on appeal, and Best Western timely filed a renewed motion. Doc. 112. The motion has been fully briefed. Doc. 95, 101, 103, 104, 112, 113, 114. No party has requested oral argument. For reasons stated below, the motion for attorneys' fees and costs will be granted. Plaintiff will be awarded $160,902.99 in attorneys' fees and $25,219.72 in non-taxable costs and expenses.

Best Western seeks attorneys' fees and costs from the underlying action ("Litigation Expenses"), from enforcing the judgment ("Enforcement Expenses"), and

from the appeal ("Appeal Expenses"). The Court will address these requests separately.

## I. Litigation Expenses.

Best Western seeks to recover fees and costs under the contract that was the basis for this action and, alternatively, under A.R.S. § 12-341.01(A). The contract between the parties states that "[i]n the event that [the member] breaches any obligation to Best Western, [the member] is liable to Best Western for all attorneys' fees, costs and expenses incurred by Best Western in connection with the breach or violation, whether or not suit is filed." Doc. 58-1 at 15 ¶ 36. The Court's award is made under the contract.

### A. General Allegations of Unreasonableness.

An award of attorneys' fees governed by a contract is mandatory, *Bennett v. Appaloosa Horse Club*, 35 P.3d 426, 432 (Ariz. Ct. App. 2001), enforced according to the terms of the contract, *F.D.I.C. v. Adams*, 931 P.2d 1095, 1108 (Ariz. Ct. App. 1996), and subject to the requirement of reasonableness, s*ee Gametech Int'l, Inc. v. Trend Gaming Sys., L.L.C.*, 380 F. Supp. 2d 1084, 1088 (2005). This Court is familiar with the facts of this case and the manner in which it was litigated. Having reviewed Best Western's supporting memoranda (Docs. 101, 112) and counsel's declaration (Doc. 101-1), and having considered the record as a whole and the relevant fee award factors, *see Associated Indemnity Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985), the Court finds the requested fee award to be reasonable and appropriate. *See also* LRCiv 54.2(c)(3)(A)–(M) (listing factors bearing on reasonableness of a fee award); *Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & n. 3 (1983) (same); *Scottsdale Memorial Health Sys. v. Clark*, 164 Ariz. 211, 215–16 (Ariz. Ct. App. 1990).

The hourly rates charged by Best Western's attorneys and paralegals (*see* Doc. 101-1 at 3-8) are well within the range of hourly rates charged by attorneys for litigation in the Phoenix, Arizona market. The total hours billed on this litigation (Doc. 101-1 at 25-93) are also reasonable. There were over 130 court filings, and Defendants countersued Best Western for more than $3 million in damages. The 708 hours billed by Plaintiff's attorneys and paralegals are reasonable. *See Best Western v.*

*Sharda*, No. CV-08-1219-PHX-DGC, 2009 WL 3682651, *1 (D. Ariz. Oct. 30, 2009) (finding fee and costs reasonable in action involving similar claim and counterclaim).[1]

Defendants argue that the fee agreements provided by Best Western (Doc. 112-1 at 49-62) are not signed by Best Western. The agreements are included in letters from counsel setting forth the terms of their representation. Defendants provide no basis for questioning the affidavit of Best Western's counsel attesting that the letters constituted the fee agreement between Best Western and its attorneys.

### B.  Specific Arguments.

Defendants provide a few examples of time alleged to be unreasonable, including time spent on internal communications, reviewing emails, and filing complaints. Defendants then argue that the handful of examples can be generalized to apply throughout the supporting documentation and serve as a basis for reducing the fees to $60,000. This Court's local rule states that a memorandum opposing an award of attorneys' fees "shall identify with specificity all disputed issues of material fact and shall separately identify each and every disputed time entry or expense item." LRCiv 54.2(f). The Court accordingly will review only Defendants' specific allegations.

Defendants argue that various personnel were involved in identifying the location of Defendants for 1.8 hours – a total charge of $260 – whereas a legal services company could provide this information for about $100; and that counsel charged $11.00 to tell a paralegal to get the complaint filed on an expedited basis, took 9.1 hours to draft and file a "cookie cutter" complaint, spent 5.4 hours preparing for oral argument in a discovery dispute, and reviewed an email from opposing counsel for a half hour.[2] Plaintiff's reply

---

[1] Defendants do point out that the March 5, 2007 agreement between Best Western and its counsel specifies a maximum rate for paralegals of $110 per hour. Doc. 101-1 at 10. One paralegal's hourly rate is $125 per hour. Doc. 101-1 at 25. According to the summary, this paralegal charged a total of 9.4 hours. *Id.* The Court will reduce the award by $141.00, the difference between the agreed and maximum rate.

[2] Defendants do not cite to the record for many of these allegations. Where Defendants do provide citations, s*ee, e.g.*, Doc. 103 at 4:16 (citing to Doc. 101-1 at 68), the Court often could not find the referenced charge on the cited page.

brief explained each charge in detail and the explanations were supported by affidavits and exhibits. Doc. 104 at 6–10. The Court finds the time entries to be reasonable.

Defendants also argue that expenses for legal research, charged to clients on an hourly basis, are not proper where firms pay a monthly fee to access research databases. Plaintiff responds that the amount charged reflects an adjusted amount to account for the flat-rate plan to access the legal research database and the actual, proportional amount of research performed for Best Western on this particular matter. Attorneys and clients are free to contract as they see fit to recoup costs associated with legal representation, including the cost of accessing research databases, subject to the overall requirement of reasonableness. This Court finds that Plaintiff's explanation of how they charge clients for recouping legal research costs to be reasonable.

This Court reduces Plaintiff's award of attorneys' fees related to Litigation Expenses to a total of $140,486.43, with costs and expenses of $23,388.40.

**II.     Enforcement Expenses.**

Plaintiff asks the Court to award fees and costs incurred in attempting to collect the judgment from Defendants. Defendants claim that an award of fees and costs for collecting a judgment are not proper, particularly when the judgment was not final.

This Court entered judgment in favor of Best Western on July 23, 2010. Doc. 93. Defendants filed a notice of appeal on August 20, 2010. Doc. 97. Defendants argue that the appeal kept the judgment from being final, but they never sought a supersedeas bond to stay the judgment. Fed. R. Civ. P. 62(d). As a result, the judgment remained in effect on appeal.

Defendants also argue that fees and costs of enforcing a judgment may not be awarded as a matter of course. Under Arizona law, a "prevailing party is entitled to recover reasonable attorneys' fees for every item of service which . . . would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Gametech Int'l, Inc.*, 380 F. Supp. at 1101 (quoting 673 P.2d at 932). The Court finds that collection of the judgment was a reasonable and prudent course of action

necessary to protect Best Western's interests.

Plaintiff apparently incurred fees and costs pursuing collection in other courts. This Court will limit its award of attorneys' fees and costs to those incurred in this case. To the extent Plaintiff incurred fees and costs in other collection actions, it must recover the fees and costs in those actions. A review of the attorneys' fees associated with collection of the judgment shows that Plaintiffs filed the motion to register the judgment in California on February 16, 2011. Doc. 108; Doc 112-2 at 8; Doc. 112-2 at 18. The Court will limit its award of attorneys' fees and costs to activities before that date – $3,404.46 in fees and $72.29 in expenses. Doc. 112-2 at 7–8, 18.

### III.   Appeal Expenses.

Best Western filed an application for attorneys' fees on appeal with the Ninth Circuit (Doc. 112-1; 112-2), and the Ninth Circuit transferred the motion to this Court. *See Best W. Int'l Inc. v. AV Inn Assoc. 1, LLC*, No. 10-16851 (9th Cir. Mar. 27, 2012). Defendants do not address the motion in their response to the renewed motion for attorneys' fees. The Court will award Plaintiff attorneys' fees in the amount of $15,667.60 and expenses of $1,759.03 for the appeal. The Court finds these fees to be reasonable for responding to the appeal of this action.

### IV.   The Award of Attorneys' Fees is Just.

Defendants argue that an award of attorneys' fees and costs would cause severe hardship for Defendant Harooni. A party's request for hardship, however, must be accompanied by more than "unsworn and unsupported assertions of his attorney in memoranda filed with the court." *Woerth v. Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1990); *see also Gruender v. Rosell*, No. CV-09-1347-PHX-DGC, 2010 WL 2983093, *2 (D. Ariz. July 25, 2010). Defendants provide no such factual support.

### V.   Plaintiff's Costs in Drafting its Final Reply Brief.

Plaintiff requests $1,344.50 for drafting its final reply memorandum. The Court finds those fees to be reasonable and will include them in the award.

**IT IS ORDERED** that Plaintiff's motion for award of attorneys' fees and costs

(Doc. 112) is **granted**.  Plaintiff is awarded $160,902.99 in attorneys' fees and $25,219.72 in non-taxable costs and expenses against Defendants Harooni and AV Inn Associates, LLC.

Dated this 13th day of April, 2012.

*David G. Campbell*
United States District Judge